IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:06cr137-MHT |
| ORLANDO REYNA-JIMENEZ | ) | |
| | ) | |

### ORDER

This case is now before the court on the defendant Orlando Reyna-Jimenez's motion to continue trial. In light of the fact that defendant Reyna-Jimenez has moved for the continuance and the government has no objection to the continuance motion and for the reasons set forth below, the court concludes that the continuance motion should be granted.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir.), <u>cert. denied</u>, 479 U.S. 823, 107 S. Ct. 93 (1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C.A. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an ... indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C.A. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... the reasonable time necessary for effective preparation." § 3161(h)(8)(B)(iv).

The court concludes that, in this case, a continuance is necessary because defense counsel is engaged in good faith negotiations with the United States which may resolve this case. However, defense counsel does not

anticipate that plea negotiations and a final plea agreement will be completed on or before the currently scheduled date of trial. Thus, the ends of justice served by granting a continuance outweigh the interest of the public and Reyna-Jimenez in a speedy trial. In addition, Reyna-Jimenez has filed a waiver of his speedy trial rights.

Accordingly, it is ORDERED as follows:

(1) The defendant Orlando Reyna-Jimenez's motion to continue (Doc. No. 15) is granted.

(2) Defendant Reyna-Jimenez's trial and jury selection are continued to the criminal term of court commencing November 6, 2006, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 28th day of July, 2006.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE